# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK HIMES,<br><br>           Plaintiff,<br><br>      vs.<br><br>CONNIE GIPSON, et al.,<br><br>           Defendants. | 1:13cv00021 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Roderick Himes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 7, 2013.[1]  He names California State Prison, Corcoran State Prison ("CSP") Warden Connie Gipson, CSP Associate Warden D. Leon, California State Prison, Los Angeles County ("LAC") Warden J. W. Sullivan, LAC Captain R. Henderson, LAC Sergeants P. Bowen and E. Ross and CSP Correctional Officer V. Rangel as Defendants.

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 21, 2013.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Los Angeles County ("LAC").

Plaintiff alleges that on February 9, 2012, he was transferred from CSP to LAC. His legal property was taken on February 8, 2012, in advance of his transfer.

On February 28, 2012, Plaintiff forwarded an Inmate Request for Interview ("Request") to the LAC R&R Sergeant, notifying him of his March 15, 2012, legal deadline and his need for his legal property. Plaintiff contends that his deadline to file a petition for writ of certiorari in the United States Supreme Court was March 15, 2012. On March 4, 2012, Defendant Bowen responded and informed Plaintiff that his property did not come on the bus.

On March 13, 2012, Plaintiff sent a Request to the LAC R&R Property Officer, notifying him of the March 15, 2012, deadline and his need for his legal property. Plaintiff sent a second request to the LAC R&R Property Officer on March 15, 2012. On March 26, 2012, R&R Officer Veachetti notified Plaintiff that he had no property in R&R.

On March 22, 2012, Plaintiff filed an inmate appeal against Defendants Bowen, Sullivan and Henderson.

On March 25, 2012, Plaintiff sent Defendant Bowen another Request and again notified Defendant Bowen of his March 15, 2012, deadline. In an undated reply, Defendant Bowen told Plaintiff to contact CSP and ask for his property receipt.

On March 25, 2012, Plaintiff sent a Request to Defendant CSP Warden Gipson, notifying her of the March 15, 2012, deadline and his need for his legal property. S. Harrison responded and directed Plaintiff to contact R&R.

On March 25, 2012, Plaintiff sent a Request to Defendant Rangel, notifying him of the March 15, 2012, deadline and his need for his legal property.

3

On March 29, 2012, Plaintiff filed an inmate appeal against Defendants Gipson and Rangel.

On March 29, 2012, Plaintiff sent a Request to LAC Sergeant Priest. In an undated response, he told Plaintiff to "see your yard Sgt./Not R&R."

On April 8, 2012, Plaintiff sent a Request to Defendant Gipson, notifying her that he had not received a log number on his appeal. On April 25, 2012, E. G. Jarris responded and assigned a log number.

On April 8, 2012, Plaintiff sent a Request to Property Officer Wright, informing him that he had not received his legal documents. On April 12, 2012, Officer Veachetti told Plaintiff that there was no property in R&R for him and that he should contact CSP.

On April 8, 2012, Plaintiff sent a Request to Defendant Gipson, informing her that he had not received his legal property and requesting that she intervene. On April 25, 2012, a person with an illegible signature informed Plaintiff that his appeal was assigned and had a due date of May 25, 2012.

On April 18, 2012, Plaintiff sent a Request to Defendant Rangel, requesting that he search for Plaintiff's property.

On April 24, 2012, Defendant Leon granted his appeal and informed Plaintiff that his property was shipped to LAC on April 18, 2012. Also on April 24, 2012, Defendant Ross interviewed Plaintiff and told him that his property had arrived at LAC on April 24, 2012, and would be issued as soon as possible.

Plaintiff received his legal property on April 25, 2012.

On May 8, 2012, Plaintiff sent a letter to the United States Supreme Court explaining why his petition was late.[2] On June 12, 2012, Plaintiff received a response indicating that based

---

[2] Plaintiff's exhibits include a March 16, 2012, letter from the United States Supreme Court. The letter indicates that it received a request for an extension of time from Plaintiff, postmarked March 6, 2012, but it could not rule on the request because of various procedural deficiencies, including Plaintiff's failure to attach the lower court opinion.

on the December 16, 2011, lower court judgment, the petition was due on or before March 5, 2012.³  As the time for filing the petition had expired, the Court could not review his petition.

Based on these allegations, Plaintiff contends that he was denied access to the courts. Without his legal property, Plaintiff was unable to attach the lower court judgment to his writ. He alleges that he has been deprived of his opportunity to challenge his criminal conviction in the United States Supreme Court and has therefore suffered actual prejudice.

**C.    ANALYSIS**

   1.    *Defendants Gipson, Sullivan and Henderson*

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

Supervisory defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to Defendants, and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001);

---

³ Plaintiff states that the Supreme Court listed March 5, 2012, as the deadline.  However, this appears to be a typographical error.  Plaintiff consistently states in the complaint that the due date was March 15, 2012.  Indeed, 90 days from the December 16, 2011, judgment would be March 15, 2012.

Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

As to Defendant Gipson, there is no indication that she was involved in the alleged deprivation in any way.  Although Plaintiff sent numerous Requests to her, it does not appear that she answered them.  The Court cannot speculate as to her knowledge of Plaintiff's allegations.  In Plaintiff's complaint, he states that Defendant Gipson is responsible for enforcing the rules, but this is insufficient to show her personal involvement.  Plaintiff therefore fails to state a claim against Defendant Gipson.

As to Defendants Sullivan and Harrison, Plaintiff fails to link them to any actions or omissions that led to Plaintiff's alleged violations.  Iqbal, 556 U.S. at 676-77.  In the beginning of Plaintiff's complaint, he alleges that Defendant Sullivan is the Warden at LAC and Defendant Henderson is a Captain at LAC.  He alleges that they are responsible for enforcement of various policies, but this is not sufficient to state a claim against them.  Plaintiff has failed to allege sufficient facts to state a claim against Defendants Sullivan and Henderson.[4]

2.      *Access to Courts Claim*

Under the First and Fourteenth Amendments, Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  This means that the state is prohibited from "erect[ing] barriers that impede the right of access of incarcerated persons."  Id. at 1102 (citations omitted).  However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation.  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct.

---

[4] Plaintiff states that he filed an appeal against Defendants Bowen, Sullivan and Henderson, but he fails to allege any facts against Sullivan and Henderson.  Moreover, while the names of Defendants Sullivan and Henderson appear in Plaintiff's exhibits, the Court will not guess as to how Plaintiff wants to include them in his allegations.

1823 (2012).  Actual injury includes the "inability to meet a filing deadline or to present a claim."  Nevada Dep't of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 348).

Here, Plaintiff alleges that he suffered an actual injury because Defendants failed to get him his legal property upon transfer, despite knowing of his upcoming deadline and despite his numerous requests.  Plaintiff sent a timely request for an extension of time to the United States Supreme Court, but without a copy of the lower court decision, the Court could not rule on the motion.  He states that on June 12, 2012, the Supreme Court indicated that it no longer had the power to review his petition.

However, to state a claim, Plaintiff must show that Defendants' actions were the proximate cause of his actual prejudice to Plaintiff.  Silva, 658 F.3d at 1103-04.  Plaintiff named Defendants Ross, Leon, Bowen and Rangel based on their involvement in Plaintiff's Requests for Interviews or his appeals.  Defendant Bowen responded to two Requests and gave Plaintiff advice on how to proceed.  While Defendant Bowen may not have been successful in finding Plaintiff's legal property, this does not translate into a finding, under the circumstances, that he was the proximate cause of his actual prejudice.  Similarly, Plaintiff directed two Requests to Defendant Rangel, but there is no indication that he responded, and therefore no indication that he had any knowledge of Plaintiff's claims.

As to Defendants Leon and Ross, they responded to Plaintiff's inmate appeals. Generally, involvement in deciding prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

Under the facts in Plaintiff's complaint, there is no indication that Defendants Leon and Ross were either involved in any underlying violation, or knew of a violation and failed to prevent it.  In fact, Defendants Leon and Ross *granted* Plaintiff's appeal and informed him that his property had arrived at LAC and that he would be receiving it as soon as possible.  Indeed, Plaintiff got his legal property the day after Defendants Leon and Ross responded.

Although there appears to have been a delay in the transfer of Plaintiff's legal property, it does not appear that the named Defendants were the proximate cause of any alleged injuries.  Plaintiff speculates that Defendants delayed transfer in retaliation for his complaints, but his speculation, without more, is insufficient to state a claim against any Defendant.

3.   Venue

Pursuant to 28 U.S.C. § 1398(b), a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Court may, for the convenience of parties and witnesses, in the interest of justice, "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404.

The Court will not rule on whether this action is venued correctly at this time because Plaintiff has not stated a claim and has been given leave to amend.  However, because a majority of Defendants reside in the Central District of California and a substantial part of the events at issue occurred within the Central District of California, it is possible that this action may be transferred if and when Plaintiff files an amended complaint that states a claim.

D.     **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: __September 2, 2013__ | __/s/ Dennis L. Beck__<br>UNITED STATES MAGISTRATE JUDGE |