# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK HIMES,<br><br>    Plaintiff,<br><br>    vs.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | ) 1:13cv00021 DLB PC<br>)<br>)<br>) ORDER DISMISSING COMPLAINT<br>) WITHOUT LEAVE TO AMEND FOR<br>) FAILURE TO STATE A CLAIM FOR<br>) WHICH RELIEF MAY BE GRANTED<br>)<br>)<br>) |

Plaintiff Roderick Himes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 7, 2013.[1]

On September 3, 2013, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Plaintiff filed his First Amended Complaint ("FAC") on November 12, 2013. He names Corcoran State Prison ("CSP") Warden Connie Gipson, CSP Receiving and Release ("R&R") Sergeant V. Rangel and California State Prison-Los Angeles County (" LAC") R&R Sergeant P. Bowen as Defendants.

A.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 21, 2013.

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572

F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Los Angeles County ("LAC"). The events at issue occurred while Plaintiff was housed at both CSP and LAC.

Plaintiff alleges that on February 1, 2012, Defendant Rangel took possession of Plaintiff's personal and legal property for packing and transfer processing. Plaintiff was being transferred from CSP to LSP.

On February 9, 2012, Plaintiff was transferred from CSP to LAC.

On February 28, 2012, Plaintiff forwarded an Inmate Request for Interview ("Request") to the LAC R&R Sergeant, notifying him that Plaintiff had a March 15, 2012, deadline to file a petition for writ of certiorari in the United States Supreme Court. Defendant Bowen responded and informed Plaintiff that his property did not come on the bus.

On March 13, 2012, Plaintiff sent a Request to the LAC R&R Property Officer, notifying him of the March 15, 2012, deadline and his need for his legal property. Plaintiff sent a second request to the LAC R&R Property Officer on March 15, 2012. On March 26, 2012, R&R Officer Veachetti notified Plaintiff that he had no property in LAC R&R.

On March 25, 2012, Plaintiff sent Defendant Bowen another Request and again notified Defendant Bowen of his March 15, 2012, deadline. In an undated reply, Defendant Bowen told Plaintiff to contact CSP and ask for his property receipt.

On March 25, 2012, Plaintiff sent a Request to Defendant CSP Warden Gipson, notifying her of the March 15, 2012, deadline and his need for his legal property. S. Harrison responded and directed Plaintiff to contact R&R.

On March 25, 2012, Plaintiff sent a Request to Defendant Rangel, notifying him of the March 15, 2012, deadline and his need for his legal property.

On March 29, 2012, Plaintiff filed an inmate appeal against Defendants Gipson and Rangel.

On April 8, 2012, Plaintiff sent a Request to Defendant Gipson, notifying her that he had not received a log number on his appeal.  On April 25, 2012, E. G. Jarris responded and assigned a log number.

On April 8, 2012, Plaintiff forwarded a Request to Defendant Gipson, informing her that he had not received his legal property and requesting that she intervene.  On April 25, 2012, a person with an illegible signature informed Plaintiff that his appeal was assigned and had a due date of May 25, 2012.

On April 18, 2012, Plaintiff forwarded a Request to Defendant Rangel, requesting that he search for Plaintiff's property.

On April 24, 2012, Plaintiff's appeal was granted and Plaintiff was informed that his property was shipped to LAC on April 18, 2012.

Plaintiff received his legal property on April 25, 2012.

On May 8, 2012, Plaintiff sent a letter to the United States Supreme Court explaining why his petition was late.  On March 16, 2012, the Clerk of the United States Supreme Court had sent Plaintiff a letter indicating that the Court had received his request for an extension of time.  The Court did not rule on the request "because of various procedural deficiencies, including Plaintiff's failure to attach the lower court decision."  FAC 7.

Based on the December 16, 2011, lower court judgment, the petition was due on or before March 5, 2012.  Plaintiff alleges that because Defendants did not issue his legal property, which contained the lower court judgment, the time for filing the petition had expired and his constitutional claims could not be heard.

4

Plaintiff alleges that from February 2012 through April 25, 2012, he was deprived of his right of access to the courts, causing actual prejudice, because of Defendants' withholding of legal documents after repeated notice of an established legal deadline.

**C.     ANALYSIS**

   1.   *Defendant Gipson*

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

Supervisory defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants, and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

As to Defendant Gipson, there is no indication that she was involved in the alleged deprivation in any way. Although Plaintiff sent her numerous Requests, it does not appear that she answered them. The Court cannot speculate as to her knowledge of Plaintiff's allegations.

In Plaintiff's complaint, he states that Defendant Gipson is responsible for enforcing the rules, but this is insufficient to show her personal involvement. Plaintiff therefore fails to state a claim against Defendant Gipson.

Plaintiff was informed of this deficiency in the prior screening order and has failed to correct it.

2.      *Access to Courts Claim*

Under the First and Fourteenth Amendments, Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). This means that the state is prohibited from "erect[ing] barriers that impede the right of access of incarcerated persons." Id. at 1102 (citations omitted). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012). Actual injury includes the "inability to meet a filing deadline or to present a claim." Nevada Dep't of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 348).

Here, Plaintiff alleges that he suffered an actual injury because Defendants failed to get him his legal property upon transfer, despite knowing of his upcoming deadline and despite his numerous requests. He contends that this failure deprived him of his right to challenge his conviction, "resulting in Plaintiff's denial of a reversal of his conviction and immediate release." FAC 8-9.

Plaintiff cites a letter dated March 16, 2012, from the United States Supreme Court, indicating that Plaintiff had sent a request for an extension of time. Plaintiff states that the request was denied "because of various procedural deficiencies, including Plaintiff's failure to attach the lower court decision." FAC 7.

In the prior screening order, the Court explained that to state a claim, Plaintiff needed to show that Defendants' actions were the <u>proximate cause</u> of his actual prejudice.  <u>Silva</u>, 658 F.3d at 1103-04 (emphasis added).  Plaintiff has not cured this deficiency.

As in his original complaint, Defendants Bowen and Rangel are named based on their involvement in Plaintiff's Requests for Interviews.  Defendant Bowen responded to two Requests and gave Plaintiff advice on how to proceed.  While Defendant Bowen may not have been successful in finding Plaintiff's legal property, this does not translate into a finding, under the circumstances, that he was the proximate cause of his actual prejudice.  Similarly, Plaintiff directed two Requests to Defendant Rangel, but there is no indication that he responded, and therefore no indication that he had any knowledge of Plaintiff's claims.  Insofar as Plaintiff alleges that Defendant Rangel took his property on February 1, 2012, in anticipation of Plaintiff's transfer, this does not translate into a finding that Defendant Rangel was the *proximate* cause of Plaintiff's alleged injury.

The finding that Defendants were not the proximate cause of Plaintiff's alleged injury is bolstered by Plaintiff's allegation that his request for an extension of time was denied for *various* procedural deficiencies.  While his failure to attach the lower court decision may have been one of those deficiencies, it cannot be said that Defendants' actions in the transfer of his property caused the denial.  Plaintiff suggests that Defendants acted with intent, but his speculation, without more, is insufficient to state a claim against any Defendant.

Plaintiff was granted an opportunity to correct the above deficiencies.  However, his FAC adds little, if any, additional factual allegations.  Accordingly, the Court finds that further leave to amend is not warranted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  This action is therefore DISMISSED WITHOUT LEAVE TO AMEND.

<u>This terminates this action in its entirety</u>.

IT IS SO ORDERED.

Dated:    **April 1, 2014**                                        /s/ *Dennis L. Beck*
                                                                   UNITED STATES MAGISTRATE JUDGE