# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK HIMES, | ) 1:13cv00021 DLB PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| vs. | ) MOTION FOR RELIEF FROM |
| | ) FINAL JUDGMENT |
| CONNIE GIPSON, et al., | ) (Document 18) |
| Defendants. | ) |

Plaintiff Roderick Himes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 7, 2013.[1]

On April 2, 2014, the Court dismissed Plaintiff's First Amended Complaint ("FAC") without leave to amend and entered judgment.

Plaintiff filed the instant motion for relief from final judgment on August 4, 2014.

In his motion, Plaintiff requests an order extending time to file objections to the Magistrate Judge's Findings and Recommendations dismissing the action. However, this is a consent case and the Magistrate Judge did not issue Findings and Recommendations. Rather, the Court issued an order and objections were not permitted. Accordingly, Plaintiff's request for additional time to file objections is denied.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 21, 2013.

1

In an abundance of caution, the Court will address the arguments made in his objections under Rule 60(b).

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist.

v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).

Plaintiff first argues that the Court was incorrect in finding that he had not demonstrated that Defendant Gipson was involved in the alleged denial of access to the courts in any way. In the screening order, the Court explained:

> As to Defendant Gipson, there is no indication that she was involved in the alleged deprivation in any way. Although Plaintiff sent her numerous Requests, it does not appear that she answered them. The Court cannot speculate as to her knowledge of Plaintiff's allegations. In Plaintiff's complaint, he states that Defendant Gipson is responsible for enforcing the rules, but this is insufficient to show her personal involvement.

ECF No. 14, at 5-6.

In his objections, Plaintiff argues that he linked Defendant Gipson to the alleged violations because after "repeated notice through mail," she knew of the violation and failed to prevent it. ECF No. 18, at 17. However, the fact that Plaintiff mailed Requests for Interviews to Defendant Gipson and attached proofs of service does not translate into a finding that Defendant Gipson received the documents or had any involvement in the responses. He states that there is no indication that Defendant Gipson *did not* receive the notices, but the Court cannot assume that this means Defendant Gipson *did* receive them. This is especially true where Defendant Gipson did not respond to any of the requests.

Plaintiff also disagrees with the Court's finding that Defendants were not the proximate cause of his alleged injury. As to Defendant Rangel, Plaintiff argues that "there can be no doubt" that Defendant Rangel could "foreseeably contemplate" that if he did not deliver Plaintiff's legal property, the deadline would expire and Plaintiff would be prejudiced as a result. ECF No. 18, at 18-19. Again, however, there is no indication that Defendant Rangel received or

3

responded to Plaintiff's Requests for Interviews.  The absence of evidence that Defendant Rangel *did not* receive the requests is not sufficient.[2]

In any event, even assuming that Defendants Gipson and Rangel received the requests, the Court notes that the deadline at issue was March 15, 2012.  Plaintiff did not send requests to Defendants Gipson or Rangel until March 25, 2012, after the deadline had passed.[3]  It appears that Plaintiff requested an extension of time from the Supreme Court, but according to the Court's March 16, 2012, letter, the Court did not rule on the extension because of various procedural deficiencies, including Plaintiff's failure to attach the lower court decision.

Therefore, the deadline had already passed, and Plaintiff's insufficient request for an extension had already been sent, by the time Plaintiff sent requests to both Defendant Gipson and Defendant Rangel.  Under such circumstances, there can be no finding of proximate cause.  Silva v. Di Vittorio, 658 F.3d 1090, 1103-1104 (9th Cir. 2011).

## ORDER

Plaintiff's motion for relief from final judgment is DENIED.

IT IS SO ORDERED.

Dated:   **August 13, 2014**                    /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff contends that the Court ignores Jett v. Penner, 439 F.3d 1091, 1097 (9th Cir. 2006), where the court found that on summary judgment, plaintiff was entitled to an inference that the defendant received an inmate grievance where plaintiff said that he sent such a grievance.  However, unlike the defendant in Jett, there is no indication here that Defendants Gipson or Rangel had any interaction with Plaintiff.

[3] In setting forth the facts in his objections, Plaintiff states that he sent a request to Defendant Gipson on "2/25." Plaintiff cites Exhibit B. ECF No. 18, at 13.  However, Exhibit B is actually dated March 25, 2012, which is consistent with the allegations in the FAC. ECF No. 11, at 6